Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000310
12-JUN-2019
10:43 AM

NO. CAAP-19-0000310

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CITIFINANCIAL SERVICING LLC, Plaintiff(s)-Appellee, v.
JULIUS HENRY NORDMEIER, JR.; CARMEN ELLEN NORDMEIER; ONEMAIN
FINANCIAL (HI), INC.; ASSOCIATION OF APARTMENT OWNERS OF WAI'AKA
VILLAGE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIP 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL
UNITS 1-10, Defendant(s)-Appellees, LANCE KAMUELA GOMES, PUNOHU
NALIMU KEKAUALUA, III, NOA KANEALI'I'IOPONO'I MAU-ESPIRITU,
Real Parties in Interest-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 16-1-0074)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Non-Parties/Appellants Lance Kamuela Gomes (Gomes), pro se, Punohu Nalimu Kekaualua, III (Kekaualua), pro se, and Noa Kaneali'i'iopono'i Mau-Espiritu (Mau-Espiritu), pro se, from the Honorable Randal G.B. Valenciano's April 27, 2018 judgment on an order confirming the sale of foreclosed property in favor of Plaintiff-Appellee Citifinancial Servicing LLC (Citifinancial Servicing), and against Defendants-Appellees Julius Henry Nordmeier, Jr. (Julius Nordmeier), pro se, Carmen Ellen Nordmeier (Carmen Nordmeier), pro se, Onemain Financial (HI), Inc. (Onemain Financial), pro se, and Association of Apartment Owners of Wai'aka Village (AOAO Wai'aka Village), pro se, because (1) the notice of appeal is untimely and (2) Gomes,

Kekaualua, and Mau-Espiritu are non-parties who lack standing to appeal.

Although the circuit court's April 27, 2018 judgment was an appealable final judgment pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(2) (2016) and Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP), Gomes, Kekaualua, and Mau-Espiritu filed their April 1, 2019 notice of appeal more than thirty days after entry of the April 27, 2018 judgment in violation of Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Even if Gomes, Kekaualua and Mau-Espiritu would have filed their notice of appeal in a timely manner, they would still lack standing to appeal.

> Generally, the requirements of standing to appeal are:
> (1) the person must first have been a party to the action;
> (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and
> (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citations and internal quotation marks omitted; emphasis in original). "In other words, non-parties, who did not or could not intervene, are ordinarily denied standing to appeal." Id. (citation and internal quotation marks omitted; emphasis in original). In the instant case, Gomes, Kekaualua and Mau-

Espiritu were not named parties in the underlying foreclosure case, nor did they intervene in it pursuant to HRCP Rule 24.

Gomes, Kekaualua and Mau-Espiritu also have no right to appear as attorneys on behalf of any of the multiple defendants in this litigation, because Gomes, Kekaualua and Mau-Espiritu are not licensed to practice law in Hawai'i. In fact, "[a]ny person violating sections 605-14 to 605-16 shall be guilty of a misdemeanor." HRS § 605-17 (2016). Absent a timely appeal by a party in the underlying case, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 12, 2019.


Presiding Judge


Associate Judge


Associate Judge

3